EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Walmart INC
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Demetria DeLarge
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY 22 2019

CLERK OF THE SUPERIOR COURT
JEFFREY W. HAVERSTOCK
By

HG19020004

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Hayward Hall of Justice
*(El nombre y dirección de la corte es):* 24405 Amador St. Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
HG19020004

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Demetria DeLarge
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
P.O. Box 3382 San Leandro, CA 94578

JEFFREY W. HAVERSTOCK

DATE: 5/21/19    MAY 22 2019    Chad Finke    Clerk, by _____ , Deputy
*(Fecha)*                                    *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Demetria DeLarge
P.O. Box 3392 San Leandro 94578
TELEPHONE NO.: 510-384-8485   FAX NO.:
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador St.
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME: DeLarge v. Wal Mart

**FOR COURT USE ONLY**
ENDORSED
FILED
ALAMEDA COUNTY
MAY 22 2019
CLERK OF THE SUPERIOR COURT
By JEFFREY W. HAVERSTOCK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | HG19020004  JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/21/19

(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

DEMETRIA DELARGE (in pro per)
P.O. Box 3382
Sanleandro, CA 94578
(510) 384-8485

ENDORSED
FILED
ALAMEDA COUNTY

MAY 22 2019

CLERK OF THE SUPERIOR COURT
JEFFREY W. HAVERSTOCK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

DEMETRIA DELARGE,

    *Plaintiff,*

v.

WALMART INC.; and DOES 1 through 20, inclusive,

    *Defendant.*

Case No. HG19020004

**UNLIMITED CIVIL**

**COMPLAINT FOR DAMAGES**

(1) **Disability Discrimination (FEHA)**
(2) **Failure to Accommodate (FEHA)**
(3) **Failure to Engage in Interactive Process (FEHA)**
(4) **Retaliation (FEHA)**
(5) **Wrongful Termination**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. This Complaint arises from the discriminatory and retaliatory acts of Defendant Walmart Inc. and Does 1 through 20 (collectively and individually referred to as "Defendant" or "Walmart") in the employment and termination of Plaintiff Demetria De Large.

### JURISDICTION AND VENUE

- 1 -
COMPLAINT FOR DAMAGES

2. This Court has jurisdiction over this action pursuant to California Government Code §§ 12900 *et seq.*, 12940 *et seq.* which allows enforcement in any court of competent jurisdiction. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant exclusive jurisdiction to any other trial court in California.

3. This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is an entity or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby has such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in Alameda County pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Cross-Complaint arise in the County of Alameda.

## PARTIES

5. Plaintiff DEMETRIA DELARGE ("Ms. DeLarge" or "Plaintiff"), is a natural person residing in Sanleandro, California.

6. Defendant WALMART INC. is a Delaware corporation with its principal place of business in Bentonville, Arkansas

7. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants DOES 1 through 20, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to Plaintiff, as hereinafter alleged.

- 2 -
COMPLAINT FOR DAMAGES

8. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendant(s)" or WALMART without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

9. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Alameda.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for WALMART as a cashier on or around February 20, 1999

11. Plaintiff is a qualified individual with a disability within the meaning of FEHA (Calif. Govt. Code § 12940). Plaintiff suffered a shoulder injury around 2010, which left her shoulder vulnerable to extreme pain while performing physical tasks in a certain way. For example, some cash registers would cause a great deal of pain because of their angle to the customer. Others were easier for her to operate.

12. On or around May 24, 2013, Plaintiff was called into the office because the New Market Manager Jeff (last name unknown) wanted to talk to her. The new store manager Jennifer Munoz was present. Jeff asked why Plaintiff she uses whichever cash register she wants. Plaintiff explained to both managers that she has a medical condition accompanied by a Doctor's note, which required greater flexibility in cash register assignments. Jeff stated he did not care about the doctor's note. He further explained that the home office takes care of accommodations requests, and that Plaintiff just needed to follow the system and not choose her own register. Ms. Munoz agreed and indicated that if Plaintiff went home because she was physically unable to work the assigned register, it would be held against her attendance.

13. Promptly after the meeting, Plaintiff promptly called Anetra Edwards, the new H.R. District manager, to complain about Defendant's lack of accommodations. Ms. Edwards explained that she would

- 3 -
COMPLAINT FOR DAMAGES

1  set up a meeting, and get back to Plaintiff.

2  14. On May 30, 2013, Plaintiff worked on register number 12, as assigned, even though it was physically difficult and painful for her to work at that specific register.

3  15. On May 31, 2013, Plaintiff was again assigned to work a challenging register, but they would not let her work one that better suited her disability, and instead made her work a register that continued to cause her pain. Plaintiff spoke with Assistant Manager Leslie C. ("L.C.") about her concerns over the assignment, and said that she would need to go home unless she could be assigned an accommodating register. Eventually, Ms. Munoz joined the conversation -- later Jeff joined by telephone -- who told Plaintiff that it would count against her attendance if she went home. As a result of this pressure, Plaintiff continued to work the register in pain. Plaintiff followed up with Ms. Edwards again, but had to leave a message with her assistant.

16. On or around June 4, 2013, Plaintiff worked on register numbers 14 and 16, and after a break, on register number 18. The placement of these registers caused her a great deal of shoulder pain. The heat emanating from those registers also presented a problem to Plaintiff. But Ms. Munoz told her that she either had to work the registers or go home. As a result, Plaintiff punched out early at around 6:30 P.M.

17. On or around June 4th or 6th 2013, Plaintiff asked Ms. Munoz to be accommodated again by assigning a register to her that was more physically accommodating, but Ms. Munoz again reiterated that she would have to work at her assigned register or go home because Defendant would not move her to any other register. Plaintiff clocked out that day at around 5:30 P.M., at which time she had to go to the Emergency Room because of the pain.

18. From some of her shifts from June 6, 2013 through June 17, 2013, Plaintiff took time off work at the request of her doctor.

19. On June 18, 2013, Plaintiff submitted a worker's compensation claim for her on going June 2013 injuries, and again requested accommodation by assigning her to registers that were easier for her body to manage for periods of time. She reported to work that day at 3:30 P.M., at which time she again requested accommodations by being allowed to work on a register that was easy for her body to handle. Ms. Munoz and L.C. met for almost two hours, and made phone calls concerning her

- 4 -
COMPLAINT FOR DAMAGES

worker's compensation claim. Finally, at around 6:00 P.M., Plaintiff was told that they could not reach their doctor because the office was already closed. They both told Plaintiff again that she would have to work her assigned register, or go home. Unable to work on the specific registers that inflicted so much pain on her, she went home.

20. By June 19, 2013, Plaintiff had still not yet heard from Ms. Edwards, and thus escalated her complaint to Marie Wold, the Human Resources Regional Manager. Ms. Wold was supposed to call her back the following day, but did not. Plaintiff was not scheduled to work that day.

21. On June 20 and 21, 2013, Plaintiff called in sick, and awaited to connect with Ms. Wold to discuss her accommodations request more.

22. On June 24, 2013, her day off, Plaintiff received a termination letter from Defendant by certified mail. The letter was dated June 20, 2013, and effective as of June 19, 2013. Plaintiff immediately called Ms. Wold's office and left a message.

23. Over the following month, Plaintiff spoke with Ms. Wold several times, trying to remedy the termination, but ultimately to no avail.

24. On June 10, 2014 Plaintiff tried to filed a complaint with the California Department of Fair Employment & Housing (DFEH) on line without success do to their system errors then went into the DFEH office on June 16, 2014 and it was filed on June 17, 2014. At first, the DFEH erroneously closed the complaint in June 2015 – a decision that Plaintiff had to appeal to correct. The DFEH process officially ended on May 22, 2018, after Defendant refused to engage in mediation with Plaintiff, and Plaintiff was informed that they would not let her file another level of appeal (despite there being another level of appeal available).

25. Defendant has been involved a respondent throughout the DFEH process, and was even represented by counsel in that process. There has been no prejudice to Defendant in gathering evidence from the time of Plaintiff's termination through the filing of this complaint.

26. Plaintiff has engaged in the DFEH process in a good faith attempt to reach a resolution on the matter. But Defendant ultimately refused to participate in the DFEH's efforts to schedule a mediation.

27. On account of Defendant's conduct, Plaintiff has suffered a substantial amount of actual

damages, including but not limited to lost wages and emotional distress.

## FIRST CAUSE OF ACTION
*Unlawful Discrimination Based on Disability (FEHA)*

28. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Plaintiff has a disability, as defined by California Government Code §12940, *et seq.*, which affects her major life activities.

30. This cause of action is brought pursuant to California Government Code §12940, *et seq.*, prohibiting employers from discriminating against an employee and from harassing an employee on the basis of disability, among other things.

31. At all times relevant herein, Defendant was a corporation engaged in an industry affecting commerce which employed 5 or more persons, bringing it within the provisions of California Government Code §12940, et seq.

32. Plaintiff filed a timely Charge of Discrimination with the DFEH, describing the details above.

33. Plaintiff's disability was a determining factor in the terms and conditions of her employment and in Defendant's treatment of her as alleged herein, including Defendant's failure to acknowledge and to accommodate her disability.

34. Plaintiff further alleges that similarly situated employees without the disability were not subject to the unfavorable treatment she suffered at Defendants' hands. Plaintiff further alleges that her disability was the determining factor in defendant's decision to force her to go home early, or not work at all.

35. Plaintiff further alleges that, in response to her disability, Defendant retaliated against her by, *inter alia* forcing her to work positions it knew caused her pain, when reasonable alternatives were available, by not taking her complaints seriously, and by ultimately terminating her.

36. Plaintiff is informed and believes that in addition to the practices enumerated in this cause of action, Defendant has engaged in other discriminatory practices which are not fully known by Plaintiff.

37. Plaintiff alleges that the actions of Defendant and its employees, as alleged above, constituted a custom, policy, pattern and practice of discriminating against her and harassing her because of her disability. Upon information and belief, plaintiff alleges that Defendant was or should have been aware of such a custom, policy, pattern and practice, and Defendant had been put on notice of her disability and requested accommodations.

38. Plaintiff alleges that by its failure to prevent or correct the discrimination of Plaintiff by its agents and employees, as alleged above, Defendant acted to condone and ratify such conduct with the knowledge that such ratification would thereby interfere with her employment and ability to continue her career with Defendant. Defendant willfully and with reckless indifference violated California Government Code § 12940, *et seq*. and discriminated against and harassed Plaintiff by failing to make reasonable accommodations to and for the known or perceived physical disabilities of Plaintiff.

39. Defendant has discriminated, harassed and retaliated, and continues to discriminate, harass and retaliate against Plaintiff on the basis of her disability.

40. The conduct of Defendant has been in bad faith and/or has caused plaintiff unnecessary injury and expense, and on account thereof, and as a result of defendants' unlawful conduct as herein alleged, Plaintiff has suffered substantial damages, including lost wages and other employee benefits, the precise amount to be proven at trial.

41. Plaintiff is entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs, pursuant to Government Code § 2965(b) for which Defendant is liable to Plaintiff.

42. As a proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered extreme anguish, humiliation, increased stress, damage to reputation, permanent impairment, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, the precise amount to be proven at trial.

43. The aforementioned conduct of Defendant and/or its agents or managerial employees was oppressive and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set forth.

## SECOND CAUSE OF ACTION
*Failure to Accommodate (FEHA)*

44. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Pursuant to Government Code § 12940(m) it is unlawful for an employer to fail to grant a reasonable accommodation after requested by an employee.

46. Pursuant to Government Code §§ 12926 and 12926.1, Plaintiff had a physical or mental disability, a record of physical or mental disability, and/or was regarded as or treated as having a physical or mental disability by the Defendant.

47. As set forth above, Plaintiff requested a reasonable accommodation on multiple occasions. Defendant failed and refused to grant Plaintiff any reasonable accommodation.

48. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

49. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set forth.

## THIRD CAUSE OF ACTION
*Failure to Engage in Interactive Process (FEHA)*

50. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in the interactive process after a reasonable accommodation is requested by an employee.

52. Pursuant to Government Code §§ 12926 and 12926.1, Plaintiff had a physical or mental disability, a record of physical or mental disability, and/or was regarded as or treated as having a physical or mental disability by Defendant.

- 8 -

53. As set forth above, Plaintiff requested reasonable accommodations on several occasions. Defendant failed and refused to respond to those requests and failed and refused to engage in a timely, good faith interactive process.

54. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

55. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
*Retaliation (FEHA)*

56. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Pursuant to Government Code § 12940(f) it is unlawful for an employer to retaliate against an employee for engaging in protected activity.

58. As set forth above, Plaintiff engaged in multiple acts of protected activity, including, *inter alia*, requesting reasonable accommodation, objecting to her termination, objecting to work on cash registers that caused her physical pain, requesting to engage in the interactive process, and complaining about all of these matters to Human Resources. Plaintiff's protected activities, or any one of them, served as a motivating factor in Defendant's decision to terminate her employment.

59. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

60. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set forth.

## FIFTH CAUSE OF ACTION
*Wrongful termination in violation of public policy*

61. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory manner. This public policy is embodied in, *inter alia*, the California Government Code, and the California Code of Regulations.

63. Defendant's decision to terminate Plaintiff was the result of Defendant's failure or refusal to provide Plaintiff with a reasonable accommodation, to enter into to the interactive process, in retaliation for the above acts, and/or was motivated at least in part by Plaintiff's disability or medical condition, her complaints, and/or her submission of a worker's compensation claim.

64. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

65. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an award of actual damages, and punitive damages;
2. For an award of attorneys' fees and costs; and
3. For such other and further relief as this Court deems just and proper.

Dated: May 21, 2019

Demetria De Large
Plaintiff *in pro per*

- 10 -
COMPLAINT FOR DAMAGES

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated: May 21, 2019

_____
Demetria De Large
Plaintiff *in pro per*

- 11 -
COMPLAINT FOR DAMAGES