UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIA DELARGE,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 19-cv-05019-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

On December 6, 2019, the Court held a hearing on defendant's motion for judgment on the pleadings. For the reasons set forth below, the Court GRANTS the motion and DENIES plaintiff leave to amend the complaint.

**BACKGROUND**

On May 22, 2019, plaintiff filed this lawsuit *in pro per*[1] against defendant Walmart in Alameda County Superior Court. Dkt. No. 1, Ex. A at 1 ("Compl"). On August 16, 2019, defendant removed this case to this Court on the basis of diversity jurisdiction. The complaint alleges four causes of action for violations of California's Fair Employment and Housing Act ("FEHA"), as well as a claim for wrongful termination.

The following facts are based on the allegations in the complaint. Plaintiff Demetria DeLarge began working as a Walmart cashier on February 20, 1999. Compl. ¶ 10. Around 2010, she injured her shoulder; this injury made it difficult for her to use some of the cash registers, so

---

[1] Plaintiff is now represented by counsel.

plaintiff chose which register to operate at the beginning of her shift. *Id*. ¶¶ 11-12. Plaintiff alleges:

> On or about May 24, 2013, Plaintiff was called into the office because the New Market Manager Jeff (last name unknown) wanted to talk to her. The new store manager Jennifer Munoz was present. Jeff asked why Plaintiff she [sic] uses whichever cash register she wants. Plaintiff explained to both managers that she has a medical condition accompanied by a Doctor's note, which required greater flexibility in cash register assignments. Jeff stated he did not care about the doctor's note. He further explained that the home office takes care of accommodations requests, and that Plaintiff just needed to follow the system and not choose her own register. Ms. Munoz agreed and indicated that if Plaintiff went home because she was physically unable to work the assigned register, it would be held against her attendance.

*Id*. ¶ 12.

After the meeting with Jeff and Ms. Munoz, plaintiff "called Anetra Edwards, the new H.R. District manager, to complain about Defendant's lack of accommodations. Ms. Edwards explained that she would set up a meeting, and get back to Plaintiff." *Id*. ¶ 13. During May and June of 2013, plaintiff worked at registers that caused her pain, notwithstanding her repeated requests for an "accommodating register." *Id*. ¶¶ 14-17. Plaintiff was told that she had to work at the assigned registers or go home, and that if she went home it would be counted against her attendance. *Id.* On or around June 4 or 6, 2013, plaintiff visited the emergency room after her shift. *Id.* ¶ 17. For some shifts between June 6 through June 17, plaintiff took time off at the request of her doctor, and on June 18, 2019, she filed a workers' compensation claim. *Id*. ¶¶ 18-19. On June 18, she again requested the accommodation of working at a register that did not cause her pain. *Id*. ¶ 19. Plaintiff did not receive any response to her request, and on June 24, 2013, plaintiff received a letter from defendant informing her that she had been terminated, effective June 19, 2013. *Id*. ¶ 22.

In June 2014, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"). *Id*. ¶ 24. The DFEH closed the complaint and issued a Right to Sue letter on June 12, 2015. Def's Request for Judicial Notice, Ex. B (Dkt. No. 8-1).[2] The Right to Sue letter stated, *inter alia*, that "DFEH is unable to conclude that the information obtained establishes a violation of the statute." *Id*. The letter also stated,

---

[2] The Court GRANTS the parties' requests for judicial notice.

2

> **This is your Right to Sue notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948 . . . . The civil action must be filed within one year from the date of this letter. . . .

*Id.*, Ex. B (bold in original). The letter informed plaintiff that her complaint had been "dual filed" with the U.S. Equal Employment Opportunity Commission ("EEOC") and that if plaintiff exercised her right to request the EEOC to review the DFEH's findings, "your right to sue may be tolled during the pendency of EEOC's review of your complaint." *Id*. The letter also informed plaintiff,

> You may file an appeal with DFEH which is a written request made to the District Administrator for reconsideration of the decision to close your case. Your appeal should include a 1) summary as to why you disagree with the reason; and/or, 2) any new detailed information (e.g., documents, records, witness information) that supports your claim. If you appeal, the information you provide will be carefully considered.

*Id*. Finally, the letter provided resources for finding an attorney in order to file a civil action, as well as resources for filing in small claims court. *Id*.

On July 15, 2015, plaintiff appealed the case closure within the DFEH, and she continued to contact the DFEH throughout 2016 and 2017. DeLarge Decl. ¶¶ 7-14.[3] In her declaration she states, "My goal from the start was to get the DFEH to take my case." *Id*. ¶ 3. Plaintiff states that during the appeals process, a DFEH employee, Ms. Bonilla, "told me that if the DFEH determined that there was merit to my case they would take it on my behalf." *Id*. ¶ 8.

Plaintiff also recalls a December 2017 phone conversation with DFEH representative Brenda Valle. *Id.* ¶¶ 12-18. Plaintiff states,

> 12. In December 2017, Brenda Valle called me and asked if I wanted to see if the other side wanted to mediate; she said it was a voluntary process.
>
> 13. I indicated to Ms. Valle that I wanted to mediate and that she should ask if Walmart wanted to mediate.
>
> 14. During that December 2017 phone call I asked Ms. Valle if the DFEH would file a lawsuit, she told me they weren't going to be able to do that, they couldn't and I asked why and she said per their regulation.

---

[3] Defendant objects to portions of plaintiff's declaration (statements allegedly made by DFEH employees) as inadmissible hearsay. However, as discussed *infra*, even taking these statements as true, the Court finds that equitable tolling does not apply here.

> 15. I asked for that regulation and it was read to me over the phone by someone in the office, who said if the complaint you first filed was not investigated within a year they can't file a civil action.
>
> 16. I told her that since my complaint was investigated within a year and initially closed out, that regulation didn't apply to my particular appeal.
>
> 17. That the DFEH supposedly could not take the case on my behalf was a complete surprise after all this time and Brenda Valle told me all along pretty much if the case was merited that the DFEH would file suit on my behalf.
>
> 18. This left me not knowing what do after being strung along and basically mislead.

*Id*.

Plaintiff states that at that time she still hoped to mediate with Walmart. *Id*. ¶ 19. On February 28, 2018, plaintiff contacted the DFEH to inquire about the status of her appeal. *Id.* ¶ 24. Plaintiff states that she spoke with Ms. Valle and that Ms. Valle told her that Walmart did not want to mediate. *Id.* Plaintiff states that she asked for a new Right to Sue letter, and that "Ms. Valle refused to issue me a new Right to Sue." *Id*. ¶¶ 25-26. Plaintiff asked Ms. Valle to send her "something in writing." *Id*. ¶ 26. That same day, the DFEH issued a letter titled "Notice of Change in Closing Reason," which stated, *inter alia*,

> This letter is to inform you that the original basis for closure on the above-referenced complaint has been changed. Instead of being closed on the basis of Investigated and Dismissed – Insufficient Evidence and NJI – CP failed to cooperate, the official Department record will reflect that your case has been closed as Agency Discretion.
>
> This action is being taken because the Department of Fair Employment and Housing (DFEH) received an appeal to the closure determination in the above-referenced matter. After careful review of the case file and information provided by Walmart (Respondent) during the investigation, DFEH has determined that there was sufficient evidence to support all or some of the allegation(s) set forth in the complaint.
>
> The effective date of closure will remain the date of the original letter, and the Right to Sue information included in that letter remains unchanged. . . .

Def's Request for Judicial Notice, Ex. D.

After plaintiff received the February 28, 2018 letter, she continued to contact the DFEH about her case, including asking about pursuing further appeals within the DFEH. DeLarge Decl. ¶¶ 29-44 (discussing communications and responses from DFEH). On May 22, 2018, in response to one of plaintiff's inquiries about a further level of appeal to which plaintiff believed she was entitled, plaintiff received an email from the DFEH stating that there were no more appeals. *Id*.

¶ 39.[4]

Plaintiff also states that "[f]rom 2017 on, I sought to get an attorney for my case in the event the DFEH did not ultimately take it on my behalf." *Id.* ¶ 47. Plaintiff states, "It is my understanding that a number of attorneys were particularly concerned about the 2015 Notice of Right to Sue as a problem they felt they could not overcome." *Id.* ¶ 50.

Plaintiff filed this lawsuit on May 22, 2019.

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss and "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotation marks and citations omitted); *see also United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) ("The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss."). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6) or Rule 12(c). To survive either motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion−and Rule 12(c) motion as well−a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted

---

[4] According to plaintiff, at some point in 2017 or 2018, the DFEH altered its internal appeals process. Opp'n at 3. "[T]he DFEH apparently altered the Regulations guiding the four levels of internal appeals. The DFEH took away the four levels, and created only one level." *Id.*

5

deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Defendant contends that all of plaintiff's claims are time-barred. Defendant notes that the DFEH issued plaintiff a right-to-sue letter on June 12, 2015, and that plaintiff did not file this lawsuit until May 22, 2019, far beyond the one year statute of limitations period for FEHA claims. Defendant also argues that plaintiff's wrongful termination claim is untimely because it was not was not filed within the two year statute of limitations period for such claims. *See* Cal. Civ. Proc. Code § 335.1; *Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382 (2015).

Plaintiff responds that the Court should apply the doctrine of equitable tolling and hold that FEHA's one-year statute of limitations was tolled from July 15, 2015 until May 22, 2018, while plaintiff pursued the DFEH's internal appeals process.[5] Plaintiff does not make a specific argument as to why the limitations period for her wrongful termination claim should be equitably tolled, but she suggests that the same reasoning applies, namely her pursuit of the FEHA administrative appeals process.

**I. FEHA Claims**

Prior to suing for a FEHA violation, an employee must first file a timely charge[6] with the DFEH and receive a right-to-sue notice. Cal. Gov't Code §§ 12960, 12965(b). An employee has one year from the date of the Right to Sue notice to file a civil lawsuit. Cal. Gov't Code § 12965(b); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F.Supp.3d 1003, 1022 (N.D. Cal. 2018).

The judicially created doctrine of equitable tolling may extend FEHA's statute of limitations. *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 111 (2008); *Rodriguez v.*

---

[5] Plaintiff does not assert that any of the statutory exceptions providing for tolling of the FEHA statute of limitations apply here.

[6] Subject to several exceptions, the charge must be filed within one year of the alleged unlawful act. Cal. Gov't Code § 12960.

6

*Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001). Courts evaluate three factors to determine whether a statute of limitations should be equitably tolled: (1) timely notice to defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiff in filing the second claim. *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (1997).

The first requirement—timely notice to defendant in filing the first claim—requires that the first claim be filed within the statutory period. *Id*. Here, there is no dispute that plaintiff timely filed her DFEH complaint within one year of her June 19, 2013 termination.

The second requirement—lack of prejudice to the defendant—has two components: (1) the defendant in the first claim is the same defendant that is being sued in the second claim, and (2) the two claims are either identical or so similar that defendant's investigation of the first claim will put him in a position to fairly defend the second claim. *Downs*, 58 Cal. App. 4th at 1100. It is unclear the extent to which defendant asserts it would be prejudiced.[7] In any event, the Court finds it unnecessary to resolve this issue because the Court finds that plaintiff cannot establish the third requirement for equitable tolling, namely that plaintiff acted reasonably and in good faith.

"The third prerequisite of good faith and reasonable conduct is less clearly defined in the cases." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 926 (1983). Courts examining the third requirement have considered whether the plaintiff acted diligently and whether the plaintiff misled the defendant into believing a second claim would not be filed (evidence of bad faith) and whether the plaintiff was misled by an agency about the proper filing deadlines. *See id*.; *see also Rodriguez*, 265 F.3d at 902 ("The equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time."); *see e.g.*, *Collier*, 142

---

[7] Defendant first raised the issue of prejudice in its reply brief, and thus plaintiff did not have the opportunity to respond to those arguments in the briefing. At the hearing, defense counsel argued that Walmart would be prejudiced by the passage of time due to the difficulty locating witnesses and evidence. However, plaintiff's counsel disputed several factual statements made by defense counsel regarding the DFEH investigation (including whether witness interviews were recorded), and the record before the Court does not include the complete DFEH file.

7

Cal. App. 3d at 921, 932 (holding the plaintiff's disability claim, which was subject to 6 month statute of limitations, was not time-barred because it was filed within 3 months of conclusion of workers compensation proceeding).

Plaintiff argues that she utilized the "DFEH's internal appeals procedure when she felt DFEH made an initial incorrect decision in 2015." Opp'n at 9. Plaintiff also asserts that she was misled about the DFEH's appeals process because she was told the DFEH would file a lawsuit on her behalf if the DFEH concluded that her claims had merit. Plaintiff also asserts that she was prejudiced by the change in the DFEH's appeals process, and that she "should have been able to go through the entire appellate process given she was in the middle of it in 2017 and 2018." Opp'n at 9. Finally, plaintiff asserts that she acted in good faith because she tried, unsuccessfully, to find a lawyer.

Defendant argues that plaintiff acted unreasonably because she did not bring suit within one year as instructed in her right-to-sue letter. Defendant also asserts that plaintiff pursued the DFEH appeals process because plaintiff wanted the DFEH to initiate civil action on her behalf, even though DFEH regulations state the department has discretion not to file civil action when circumstances warrant. Defendant also notes that plaintiff does not claim that she was ever misled into thinking that she was required to pursue the DFEH appeals process prior to filing a lawsuit.

The Court concludes that plaintiff has not acted reasonably, and thus that equitable tolling of the statute of limitations is not appropriate. As an initial matter, to the extent plaintiff relies on *McDonald v. Antelope Valley Community College District*, 45 Cal. 4th 88 (2008), to assert that the limitations period should be tolled during the time her appeal was pending with the DFEH, the Court finds that *McDonald* is inapposite. In *McDonald*, the California Supreme Court held that in an appropriate case, the limitations period for a FEHA claim may be tolled "while the employee and employer pursue resolution of any grievance through an internal administrative procedure." *Id.* at 108. The Court explained, "Tolling promotes resort to such procedures; if at least some percentage of grievances is thereby resolved, the number of complaints under the FEHA is reduced; and for those that are pursued under the FEHA, tolling increases the likelihood that those 'potentially

meritorious claims' will in fact be resolved 'on the merits[.]'" *Id.*[8]

Here, plaintiff was not pursuing an internal administrative procedure with Walmart prior to filing a DFEH charge, but rather seeks equitable tolling based on her pursuit of an appeal through the DFEH *after* receiving her Right to Sue letter. *McDonald* does not stand for the broad proposition that pursuing a voluntary administrative appeal after receipt of a Right to Sue letter tolls the statute of limitations. Further, *McDonald* emphasized that equitable tolling is judicially created doctrine that is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations . . . has been satisfied," and that "the doctrine applies when an injured person has several legal remedies and reasonably, and in good faith, pursues one." *Id*. at 99-100 (internal quotation marks and citations omitted).

The problem here is that plaintiff has not shown that she acted reasonably by continuing to pursue the DFEH appeals process for years after receiving the June 12, 2015 Right to Sue letter. Plaintiff does not allege or assert that she was ever misled about the need to file a lawsuit within one year of the Right to Sue letter, nor does she claim that she was told that an administrative appeal was a prerequisite to filing a civil suit. The DFEH's Right to Sue letter clearly stated that plaintiff had one year to file suit. While the letter also stated "[y]ou may file an appeal with DFEH," the letter does not state or suggest that an appeal is required prior to filing a lawsuit, or that appealing will toll the limitations period. Def's Request for Judicial Notice, Ex. B. In contrast, the portion of the letter informing plaintiff that she could seek review of the DFEH's findings through the EEOC explicitly stated that "your right to sue may be tolled during the pendency of the EEOC's review of your complaint." *Id*.

Plaintiff asserts that she was "strung along and basically misled" during the DFEH's appeals

---

[8] The plaintiff in *McDonald* alleged that her community college employer discriminated against her, with the last discriminatory act arguably occurring in January 2001. The plaintiff pursued an internal community college district grievance and investigation process from October 2001 to May 2003. *See id*. at 97-99. During that process, the District informed the plaintiff that she could file a complaint with the DFEH at any time. *Id.* at 97. In October 2002, while the internal process was pending, the plaintiff filed an administrative complaint with the DFEH. She received a right-to-sue letter that same month, and filed her FEHA lawsuit within one year, in October 2003. The question in *McDonald* was whether the one year statute of limitations period applicable to the filing of the DFEH complaint could be equitably tolled during the time that she pursued the internal community college process. *Id*

9

process because she believed that the DFEH would file a lawsuit on her behalf if the DFEH concluded her case had merit. However, even accepting plaintiff's account of her communications with the DFEH as true, by plaintiff's own admission she knew in December 2017 that the DFEH would not file suit on her behalf. Plaintiff did not file this lawsuit until May 22, 2019, well over one year later. Indeed, even after plaintiff received the February 28, 2018 letter from the DFEH, which stated that "[t]he effective date of closure will remain the date of the original [right-to-sue] letter, and the Right to Sue information included in that letter remains unchanged," plaintiff still waited over a year to file this lawsuit. Def's Request for Judicial Notice, Ex. D. *Cf. Collier*, 142 Cal. App. 3d at 932.

At the hearing plaintiff's counsel cited additional authority that was not cited in the papers. The Court finds that none of these cases applies. In *Grant v. Comp USA, Inc.*, 109 Cal. App. 4th 637, 641 (2003), the California Court of Appeal held that the plaintiff had exhausted her administrative remedies and was not required to obtain a second right-to-sue letter after the DFEH rescinded the initial right-to-sue letter. Here, the issue is not whether plaintiff exhausted her administrative remedies but whether the statute of limitations should be tolled. *Anderson v. American Airlines*, No. C 05-04292 SI, 2006 WL 1009016, at *1 (N.D. Cal. Apr. 18, 2006), in which the plaintiff alleged that she had been misled by EEOC representatives as to the filing deadline, is inapposite because plaintiff has not alleged that the DFEH misled her as to the statute of limitations. Finally, *Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 485 (1996), holds that the limitations period for a FEHA claim begins to run when a plaintiff is terminated rather than when a plaintiff learns that she will be terminated; plaintiff's termination date is not at issue.

**II. Wrongful Termination Claim**

Causes of action for wrongful termination in violation of public policy have a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1; *Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382 (2015).

Plaintiff does not make a specific argument as to why the statute of limitations on her wrongful termination claim should be equitably tolled. In a footnote she states, "The *McDonald*

10

Supreme Court explicitly 'rejected the assertion that equitable tolling should be limited to cases in which a plaintiff was required to pursue a particular alternative remedy before initiating suit.'" Opp'n at 5 n.1. While plaintiff is correct that equitable tolling is available for a wrongful termination claim, for the reasons discussed above, the Court finds that there is no basis to apply equitable tolling in this case.

### III. Leave to Amend

Leave to amend may be denied if the proposed amendment would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991). Leave to amend is futile when a "complaint cannot under any conceivable state of facts be amended to state a claim." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (internal quotations omitted).

The Court concludes that granting plaintiff leave to amend to allege additional facts in support of equitable tolling would be futile. At the hearing, plaintiff's counsel requested leave to amend to allege that the statute should be tolled until May 22, 2018, when plaintiff claims she was told by the DFEH that there would be no further appeals. However, such an allegation (which is discussed in her declaration), would not support equitable tolling. Regardless of whether plaintiff believed any further appeals were possible, and even if there was some basis to equitably toll the limitations period during 2016-2017, plaintiff has declared that she was told in December 2017 that the DFEH would not be filing a lawsuit on her behalf, and she acknowledges receiving the DFEH's February 28, 2018, Notice of Change in Closing Reason. For the reasons stated *supra*, it was unreasonable for plaintiff to wait until May 22, 2019 to file this lawsuit.

///

## CONCLUSION

Plaintiff's FEHA violation and wrongful termination claims are untimely. Thus, she has not adequately shown that she is entitled to relief. For the foregoing reasons and for good cause shown, the Court GRANTS defendant's motion for judgment on the pleadings without leave to amend.

**IT IS SO ORDERED**.

Dated: December 12, 2019

SUSAN ILLSTON
United States District Judge